**UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROGELIO A. STANFORD** ) | |
| 5201 Kansas Avenue, N.W. ) | |
| Washington, D.C. 20011 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:18-cv-827 |
| ) | |
| **HOWARD UNIVERSITY** ) | **JURY DEMAND** |
| 2400 Sixth Street, N.W. ) | |
| Suite 321 ) | |
| Washington, D.C. 20059 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Rogelio A. Stanford (hereinafter, "Plaintiff"), by and through his undersigned counsel, Deyka Williams Spencer, Esq. and The Spencer Firm, LLC, and files this Complaint against Howard University (hereinafter, "Defendant") for unlawful employment practices on the basis of national origin (Panamanian/Caribbean), race (Hispanic), age (60-years-old) and religion (Holiness Pentecostal) in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 et seq. ("Title VII"); the Civil Rights Act of 1991; and 42 U.S.C. §1981a ("Section 1981").

## JURISDICTION AND VENUE

1. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, the EEOC reviewed the charge of discrimination filed by Plaintiff and found cause to open a formal investigation.

   The EEOC subsequently concluded its investigation and issued Plaintiff a right to sue letter on January 11, 2018.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-f(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981 (1991).

4. Venue is appropriate because of the employment practices alleged to be unlawful were committed within the jurisdiction of the Superior Court for the District of Columbia.

5. All conditions required prior to the filing of this lawsuit have been performed or have occurred.

## PARTIES

6. Plaintiff Rogelio Stanford is a resident of Washington, D.C. At all relevant times relating to this claim Plaintiff was an employee of Defendant.

7. Defendant Howard University, is a private, historically black university located at 2400 Sixth Street NW, Suite 321, Washington, D.C. 20059. Since March 2, 1867, Defendant has been actively registered to conduct business in the District of Columbia. At all times relevant to this claim, Defendant was registered and doing business within the District of Columbia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a 60-year-old Hispanic male of Panamanian and Caribbean heritage.

9. Plaintiff is a current employee of Defendant and also a pastor of a Pentecostal Holiness church.

10. Defendant is a private university that employed Plaintiff within one of its operating divisions, the Howard University Department of Public Safety, from 1983 to the present.

11. Plaintiff worked for Defendant as a Campus Police Officer from 1983 to 2001, when Plaintiff was promoted to his current role of Campus Police Sergeant.

12. As Campus Police Sergeant, Plaintiff was responsible for: assessing, deescalating, and diffusing verbal and physical altercations, issuing barring notices and other written reports, responding to emergency situations within the confines of the law, performing crowd control where appropriate, and providing assistance to the Lieutenant.

13. Throughout Plaintiff's lengthy tenure, he maintained an above-average Performance Evaluation facilitated by Defendant and was consistently lauded with marks of distinction based on his performance, including the FEMA Certificate of Achievement (2010-present).

14. Despite this, Plaintiff was subjected to disparate conditions of employment in comparison to his non-Hispanic, non-Panamanian, and younger counterparts as he was passed over for promotions and increases in pay that he was duly qualified for, and for which his lesser-qualified counterparts received.

15. Specifically, Plaintiff applied to work as Lieutenant for Defendant in 2007, and again in April 2017, pursuant to a job posting by Defendant that announced a vacancy for the position.

16. Plaintiff was denied for the position of Lieutenant both times he applied, without explanation.

17. In April 2017, Plaintiff was interviewed for the position of Lieutenant and was told that he would need to work on Sundays if he wanted to be promoted to that position, although this

demand would violate a Confidential Agreement entered into by Plaintiff and Defendant on January 15, 2009.

18. Due to Plaintiff's Holiness Pentecostal religion, he was unable to work on Sundays.

19. After Plaintiff informed Defendant of the religious accommodation, Defendant still refused to hire Plaintiff to the position of Lieutenant.

20. Defendant chose to hire similarly-situated counterparts for the position of Lieutenant and allowed those persons to not work on Sundays.

21. The fact that Plaintiff required the religious accommodation of having Sundays off from work was used against him in his candidacy for the position of Lieutenant.

22. Plaintiff not only worked for Defendant for 35 years in comparable roles that use the same or substantially similar skills as the applied-for role of Lieutenant, but Plaintiff has also performed the Lieutenant duties directly from January 2017- April 2017 on Fridays and Saturdays as an interim Lieutenant. Plaintiff performed the Lieutenant duties optimally in the interim and at the same pay as his position of Campus Police Sergeant.

23. Despite this, Defendant still failed to promote Plaintiff to the position of Lieutenant.

24. Shortly after Defendant denied Plaintiff the position of Lieutenant, Defendant hired former employee, Brian Jones (hereinafter, "Jones"), for the role.

25. Jones is a non-Hispanic, non-Panamanian, and non-Caribbean male of significantly younger age than Plaintiff.

26. Jones was hired for the position of Lieutenant although he had been there for a significantly shorter period of time than Plaintiff (beginning in 2007), and despite the fact that he had been involved in a serious workplace incident in 2015 upon which he lost his duty weapon, which was never recovered.

27. Jones, while serving as Lieutenant, was immediately permitted to have Sundays off from work, even in the absence of a religious accommodation, while Plaintiff was denied the promotion in consideration of this criterion.

28. Plaintiff was involved in EEOC activity in 2002, 2006, 2015, and 2016 to protect himself from discrimination on the basis of race, national origin, religion, and age discrimination perpetrated by Defendant.

29. Since Plaintiff's EEOC activity, Defendant has continued to discriminate against Plaintiff, including failure to promote Plaintiff.

## COUNT 1: NATIONAL ORIGIN, RACE, RELIGION, AND AGE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs 1-29 of this Complaint.

31. Plaintiff is a Hispanic 60-year old male of Panamanian national origin and of the Holiness Pentecostal faith, and thus, a member of a protected class based on his race, age, national origin, and religion.

32. Plaintiff was passed over for a promotion several times in his lengthy 35-year tenure of employment for Defendant while his counterparts who were not of the same race, age, national origin, faith, or experience level were promoted.

33. At all times relevant to Plaintiff's employment with Defendant, Plaintiff performed at an above-average level on Defendant's Performance Evaluations as Campus Police Officer and Campus Police Sergeant, and even performed for several months as an interim Lieutenant from January 2017- April 2017.

34. Despite Plaintiff's qualifications, experience, and stellar employment record, Plaintiff was still passed up for promotion to the position of Lieutenant.

35. Plaintiff was treated differently than similarly-situated employees who were not Hispanic, Panamanian, of the Holiness Pentecostal faith, or of the same age as Plaintiff.

36. Specifically, Jones, a black (non-Hispanic) male and former employee of Defendant who was significantly younger than Plaintiff was re-hired into the position of Lieutenant, after not having as much experience as Plaintiff and after an incident in 2015 where he lost his duty weapon, which was never recovered.

37. Defendant's unlawful and discriminatory conduct in violation of Title VII was willful and malicious, was intended to injure Plaintiff, and was done with conscious disregard for Plaintiff's civil rights, entitling Plaintiff to an award of back pay for failure to promote from compensatory damages and punitive damages.

## COUNT II: RETALIATION

38. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs 1-37 of this Complaint.

39. Pursuant to prior EEOC charges (Case No's: 100-2002-00626 and 570-2006-01172) filed by Plaintiff against Defendant for unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, Plaintiff and Defendant agreed that Plaintiff would have Sundays off because of his religion.

40. Plaintiff's Holiness Pentecostal religion prevented Plaintiff from working on Sundays.

41. Since Plaintiff's filing of the above-referenced EEOC charges in 2002 and 2006 respectively, Plaintiff has continued to be subjected to disparate employment conditions motivated by Plaintiff's race, age, national origin, and religion.

42. Specifically, Plaintiff has been stationed as a floater on the main campus of Howard University with no assigned post, rather than assigned to the Howard University School of Divinity as agreed.

43. Plaintiff has also been passed over for promotion to the position Lieutenant that he was duly qualified for, after applying for the position in 2007 and again in 2017, with no explanation for his denial.

44. Similarly-situated coworkers who were not Hispanic, Panamanian, of the Holiness Pentecostal faith, the same age as Plaintiff, or equally as qualified were promoted accordingly.

45. Plaintiff raised concerns of unlawful employment practices due to Defendant's failure to promote Plaintiff to Gracia Hillman (VP of External Affairs) and Leroy Jenkins (Deputy General Counsel) in 2015. Defendant patently ignored Plaintiff's grievances.

46. Plaintiff filed an EEOC charge (Case No: 570-2016-00130) in 2016 alleging discrimination based on his race, national origin, religion, and age.

47. Plaintiff continued to be passed over for the promotion to Lieutenant, although there were positions available, to which Plaintiff was denied again in 2017.

48. Plaintiff's filing of EEOC charges in 2002, 2006, and 2016 and Plaintiff's subsequent anti-discrimination invocation of his rights constitute protected activity.

49. Defendant's continued failure to promote Plaintiff in comparison to Plaintiff's non-Hispanic, non-Panamanian, and younger coworkers was because of his earlier EEOC and

anti-discriminatory involvement in protecting himself from unlawful employment practices perpetrated by Defendant.

50. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and pain and suffering for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rogelio A. Stanford prays that this Court enter judgment in his favor and against Defendant Howard University containing the following relief:

A. A declaratory judgment that the actions, conduct, practices of Defendant complained of herein violate the laws of the District of Columbia.;

B. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

C. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation,

embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

_/s/_____
Deyka W. Spencer, Esq.
The Spencer Firm, LLC
2275 Research Boulevard, Suite 500
Rockville, Maryland 20850
PH: (301) 637-2866
FX: (866) 686-2126

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully Submitted,

_/s/_____
Deyka W. Spencer, Esq.
The Spencer Firm, LLC
2275 Research Boulevard, Suite 500
Rockville, Maryland 20850
PH: (301) 683-5088

FX: (866) 686-2126

Attorney for Plaintiff